FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 15, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CLINT L.,[1] | No. 1:25-CV-03206-MKD |
| Plaintiff, | ORDER REVERSING AND REMANDING DECISION OF COMMISSIONER |
| v. | |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, | **ECF Nos. 10, 14** |
| Defendant. | |

Before the Court is Plaintiff's Opening Brief and Defendant's Brief Requesting Remand. ECF Nos. 10, 14. D. James Tree represents Plaintiff. Special Assistant United States Attorney Benjamin Groebner represents Defendant. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court reverses the

---

[1] To protect the privacy of plaintiffs in social security cases, the Court identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

Commissioner's decision and remands the case for the immediate calculation and award of benefits.

## JURISDICTION

On July 31, 2022, Plaintiff applied for Title II disability insurance benefits, alleging a disability onset date of September 1, 2020.  Tr. 56, 168-171.  The application was denied initially and on reconsideration.  Tr. 56-90.  Plaintiff appeared before an administrative law judge (ALJ) on September 10, 2024.  Tr. 33-55.  On November 7, 2024, the ALJ denied Plaintiff's claim.  Tr. 14-32.  The Appeal's Council denied review on October 15, 2025.  Tr. 1-6.  Plaintiff appealed this final decision on November 20, 2025.  ECF No. 1.  The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id*. (quotation and

ORDER - 2

citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.902(a).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."  *Id*.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

ORDER - 3

has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 404.1520(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

ORDER - 4

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.

ORDER - 5

20 C.F.R. § 404.1520(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since September 1, 2020.  Tr. 19.

At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease, chronic obstructive pulmonary disease, depressive disorder, anxiety disorder, attention-deficit/hyperactivity disorder and posttraumatic stress disorder.  Tr. 19.

ORDER - 6

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 20.

The ALJ then concluded that Plaintiff has the RFC to perform medium work with the following limitations:

> [H]e can lift and/or carry/push and/or pull 50 pounds occasionally, and 25 pounds frequently.  [He] can sit, with normal breaks, for a total of 6 hours per 8-hour workday, and stand and/or walk, with normal breaks, for a total of 6 hours per 8-hour workday.  [He] can understand, remember, and apply simple instructions, make simple work-related decisions, and sustain concentration, persistence and pace to perform simple tasks.  [He] can tolerate occasional interactions with supervisors, coworkers, and the general public in jobs that do not require tandem tasks, sales, customer service, or dispute resolution.  [He] can deal with occasional changes in a work environment with these limitations.

Tr. 21.

At step four, the ALJ found Plaintiff has no past relevant work.  Tr. 25.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there are jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as automobile detailer, packager, and dishwasher.  Tr. 25-26.  Therefore, the ALJ concluded Plaintiff has not been under a disability, as defined in the Social Security Act, from September 1, 2020, through the date of the decision.  Tr. 26.

ORDER - 7

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability income benefits under Title II of the Social Security Act.  Plaintiff raises the following issues for review:

1.  Whether the RFC is consistent with disability;

2.  Whether the ALJ properly assessed the medical opinion evidence; and

3.  Whether the ALJ properly evaluated Plaintiff's testimony.

ECF No. 10 at 2.

In response, Defendant concedes error with respect to the ALJ's decision and agrees remand is appropriate, but only for further proceedings.  ECF No. 14.

## DISCUSSION

The parties agree the ALJ harmfully erred but disagree as to the appropriate remedy.  Plaintiff seeks a remand for calculation and award of benefits.  Defendant agrees remand is appropriate, but only for further proceedings.  For the reasons discussed below, the Court exercises its discretion to remand this matter for the immediate calculation and award of benefits.

**A. Legal Standards Governing Scope of Remand**

When the ALJ commits legal error in denying a claim for benefits, the district court "ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir.

ORDER - 8

2017).  The Social Security Act, however, grants district courts flexibility in certain circumstances to reverse the ALJ's decision and remand for an immediate award of benefits rather than further administrative proceedings.  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

Remand for an immediate award of benefits is allowed only when three requirements (collectively referred to as the "credit-as-true" rule) are satisfied: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether that evidence is claimant testimony or a medical opinion; (2) there are no outstanding issues that must be resolved before a disability determination can be made, the record is fully developed, and further administrative proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the record as a whole would require the ALJ to find the claimant disabled on remand.  *Leon*, 880 F.3d at 1045; *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

Even if all three requirements are met, the decision whether to remand a case for further proceedings or simply award benefits is in the Court's discretion.  *Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023).  The Court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled."  *Garrison*, 759 F.3d at 1021.

ORDER - 9

**B. Proper Remedy**

All three steps of the credit-as-true rule are satisfied here.  As an initial matter, Defendant conceded harmful legal error.  ECF No. 14 at 1 (conceding the "ALJ erred").  However, Defendant failed to meaningfully address Plaintiff's assignments of error concerning the medical evidence and Plaintiff's testimony— instead cursorily noting that certain evidence "is consistent with the ability to tolerate full-time work and is inconsistent with a finding of disability[.]"  *Id*. at 3.  If a party fails to counter an argument that the opposing party makes, the Court may treat that argument as conceded.  The Court has no obligation to research or manufacture arguments on behalf of litigants.  Defendant's strategic choice not to substantively respond to these arguments constitutes concession of these issues.  *See Hunt v. Colvin*, 954 F. Supp. 2d 1181, 1196 (W.D. Wash. 2013) (construing defendant's failure to respond to an argument as a concession that the plaintiff's argument has merit and finding the "Court will not manufacture a defense on the Commissioner's behalf where Plaintiff has identified an at least plausible error"); *Johnny T. v. Berryhill*, 2019 WL 2866841, at *2 (D. Or. July 2, 2019) (finding "the Commissioner's failure to substantively respond to Plaintiff's arguments regarding his symptom testimony, medical opinion evidence, and lay witness testimony constitutes a concession of those issues").  As such, the Court concludes that the

ORDER - 10

ALJ erred by: (1) failing to properly assess the medical opinion evidence; and (2) failing to properly assess Plaintiff's testimony.[2]

As for the second requirement, the Court finds further administrative proceedings would serve no useful purpose. This case involves a limited closed period spanning from September 1, 2020, through December 31, 2025. Tr. 19. As noted above, Defendant has failed to meaningfully defend the ALJ's assessment of the medical and testimonial evidence. While Defendant identifies certain limited evidence in the record as inconsistent with disability, Defendant fails to connect this evidence to relevant issues that remain which would require rehearing on matters already considered at the administrative level. Defendant seeks not to develop unaddressed issues but rather rehash the very same ones the ALJ has already considered. The Ninth Circuit has stressed that precedent "foreclose[s] the argument that a remand for the purpose of allowing the ALJ to have a mulligan [to revisit the medical opinions and testimony that were improperly rejected] qualifies as a remand for a 'useful purpose' under the ... credit-as-true analysis." *Garrison*, 759 F.3d at 1021-22 (citations omitted); *see also Knorr v. Berryhill*, 254 F. Supp. 3d 1196, 1220 (C.D. Cal. 2017) ("[R]emanding for the ALJ to reconsider this

---

[2] The Court assumes without deciding that Defendant's brief recitation of certain evidence does not constitute a concession that the RFC is consistent with disability.

ORDER - 11

evidence, which the ALJ already had an opportunity to review, would simply be allowing the ALJ to have a second bite at the apple."). The record does not require further proceedings. Nor has Defendant identified any missing evidence, unresolved factual conflict, or procedural defect that a new hearing would remedy. Defendant's request for further proceedings rests on the same administrative record the ALJ already considered and the same activities the ALJ already cited. But the purpose of further proceedings is to resolve outstanding issues, not to provide the Commissioner another opportunity to justify a decision after the original rationale has gone undefended. Because Defendant concedes harmful error and does not identify any specific evidentiary gap, further proceedings would serve no useful purpose.

Third, if the improperly discredited evidence were credited as true, the ALJ would be required to find Plaintiff disabled on remand. As noted above, Defendant failed to defend the ALJ's evaluation of the medical evidence and Plaintiff's testimony, and, as correctly noted by Plaintiff, *see* ECF No. 15 at 4-6, this improperly discredited evidence credited as true would compel a finding of disability. The vocational expert testified that an individual who would miss more than one day of work per month, or who would be off task more than ten percent of the workday, could not sustain competitive employment. Tr. 53-54. Plaintiff's treating provider opined that Plaintiff would be off task more than thirty percent of

ORDER - 12

the workday and would miss four or more days of work per month. Tr. 537-39.

Plaintiff's testimony, if credited, likewise establishes limitations incompatible with sustained full-time work, including that he required breaks after minimal activity and that, despite helping his parents throughout the day, the actual time spent performing tasks was approximately one hour per day.  Tr. 42-46.  Crediting this evidence as true therefore leaves no unresolved vocational question; it requires a finding of disability.

Finally, the record as a whole does not create serious doubt as to whether Plaintiff was disabled during the relevant period within the meaning of the Social Security Act.  *See Garrison*, 759 F.3d at 1021.  Defendant's serious-doubt argument is limited to evidence that Plaintiff moved home to care for his elderly parents and helped with their working farm, which one treatment note described as "full-time."  ECF No. 14 at 2-3; Tr. 339.  That isolated characterization does not create serious doubt when considered in context.  Plaintiff testified that his activities were spread throughout the day, that he rested between tasks, and that the actual amount of time spent performing tasks was approximately one hour per day. Tr. 42, 46.[3]  Plaintiff also reported fatigue and shortness of breath with minimal

---

[3] The ALJ noted Plaintiff "indicated he worked full-time for his parents," but found Plaintiff had not engaged in substantial gainful activity.  Tr. 19.

ORDER - 13

exertion, and the record contains repeated references to exhaustion, breaks, and difficulty sustaining activity.  *See, e.g.*, Tr. 43-46, 320, 509, 560, 586, 594. Defendant does not address this context or explain how intermittent caregiving and household tasks, performed at Plaintiff's own pace and with substantial breaks, translate into the ability to sustain competitive full-time work on a regular and continuing basis.  Nor does Defendant explain why this evidence creates a genuine unresolved issue in light of the credited medical opinion evidence and vocational testimony establishing work-preclusive limitations.  Moreover, the credit-as-true rule is a "prophylactic measure" designed to motivate Defendant to ensure that the record will be carefully assessed and to justify "equitable concerns" about the length of time which has elapsed since Plaintiff filed his application.  *Treichler*, 775 F.3d at 1100.

The Court has no serious doubts as to whether Plaintiff is disabled, and finds that the limited closed period weighs in favor of a finding of disability.  Under these circumstances, the Court exercises its discretion to remand this matter for a finding of disability.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED**:

ORDER - 14

1. Plaintiff's Brief, **ECF No. 10**, is **GRANTED**.

2. Defendant's Brief, **ECF No. 14**, is **DENIED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for immediate calculation and award of benefits.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED June 15, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 15